Judgment rendered November 19, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,549-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BOSSIER PARISH POLICE
JURY

Plaintiff-Appellee

versus

ROY GENE HICKS, III and
ALLSTAR CONSTRUCTION
CLEANUP & HAULING, LLC

Defendants-Appellants

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 165,323

Honorable Allen Parker Self, Jr., Judge

* * * * *

HARGROVE, SMELLEY & STRICKLAND
By: Parker W. Maxwell

Counsel for Appellants

PATRICK R. JACKSON
Bossier Parish Attorney

Counsel for Appellee

WIENER, WEISS & MADISON, APC
By: Reid A. Jones

* * * * *

Before PITMAN, THOMPSON, and HUNTER, JJ.

**PITMAN, C. J.**

Defendants-Appellants Roy Gene Hicks, III and Allstar Construction Cleanup & Hauling, LLC (collectively, "Hicks") appeal in part the district court's granting of a preliminary injunction in favor of Plaintiff-Appellee Bossier Parish Police Jury (the "Police Jury"). On appeal, Hicks filed an exception of prescription as to the Police Jury's claim regarding the driveway. For the following reasons, we sustain the exception of prescription, vacate the preliminary injunction regarding the driveway, dismiss with prejudice the Police Jury's claim regarding the driveway and remand for further proceedings regarding the zoning claim.

## FACTS

On July 15, 2021, the Police Jury filed a petition for injunctive relief against Hicks. It stated that on August 25, 2020, it received a complaint concerning a property located at 297 Linton Road in Benton, Louisiana (the "Property"), that was being used for business operations but was zoned for residential and agricultural use. It also alleged that commercial vehicles were accessing the Property by way of Edwards Street, a dead-end road in the Edwards Subdivision built for the use of the subdivision's residents and guests. It alleged that Hicks constructed a concrete driveway on parish property without the knowledge or consent of the parish, in violation of Bosser Parish Ordinance 94-111.[1] On July 8, 2021, the Police Jury sent

---

[1] Ordinance 94-111 states:

Any person desiring to construct a driveway or entrance into a parish highway or street from privately owned property shall apply to the police jury by written request for a permit to install or construct any such driveway extending onto the public road or street; and upon receipt of such request by the policy jury, it shall be the duty of the parish engineer or road superintendent to inspect the location of such driveway installation and recommend to the private owner the required size of the drainage

Hicks a letter advising him that the driveway was constructed over an existing metal culvert, that he failed to request a driveway permit and that he had 14 days to remove the driveway and culvert. The Police Jury alleged that as of the date of the petition, it had reason to believe that Hicks continued to operate his business from his home and to access the Property from the illegal driveway. It requested that the court issue a temporary restraining order restraining, enjoining and prohibiting Hicks from proceeding with any further operation of a commercial business at the residence; requiring him to remove all heavy machinery, excessive debris and building materials being housed on the Property; requiring him to remove the driveway off parish property; and prohibiting him from illegally accessing the Property from Edwards Street.

On September 29, 2021, Hicks filed an answer. He denied the Police Jury's allegations that the Property was being used for business operations. He stated that all materials and equipment found on the Property were proper for residential and agricultural zoning. He argued that the Police Jury's claim regarding the driveway violation is barred. He alleged a police juror informed him that a permit was not required for the driveway. He stated that a former owner of the Property granted a servitude to the developer of the Edwards Subdivision; and, in return, the developer granted him the right to build an asphalt road. He stated that all owners of the Property have accessed it from Edwards Street and have never received communication that they were prohibited from doing so. He also raised affirmative defenses, including estoppel, comparative fault and prescription.

_____

under such driveway and, further, to have such driveway placed at the proper elevation to ensure correct drainage.

2

A hearing was held on January 23, 2025. The parties elected to submit affidavits in lieu of live witness testimony.[2] Counsel for the Police Jury stated that Hicks purchased the Property in 2018 and that his neighbors began complaining of commercial activity in 2020. He referred to photographs showing large trucks and commercial equipment bearing Hicks's company's name and/or logo and also showing large piles of dirt and rock. Counsel stated that complaints regarding the driveway arose because commercial vehicles drove through the Edwards Subdivision, of which the Property is not a part. He argued that Ordinance 94-111 requires private owners to obtain a permit in order to connect their property to a parish road but that Hicks did not request a permit. Counsel for Hicks alleged that the photographs introduced by the Police Jury were taken in 2020 and that they differ greatly from photographs taken two weeks before trial. He stated that the affidavits of the previous owners of the Property show a historical use of the driveway and that a prior owner constructed it pursuant to a 1979 servitude and Hicks resurfaced it in March 2021. He contended that Ordinance 94-111 concerns drainage and that there is no evidence that the driveway has ever impacted drainage. In response, counsel for the Police Jury noted that Ordinance 94-111 had been in place since 1950 and that there is no evidence that any owner of the Property applied for a written permit. Counsel also stated that a police juror cannot individually grant a permit and that it is a citizen's responsibility to comply with the law.

---

[2] The Police Jury offered the affidavits of Eric Hudson, the parish engineer; Megan Ramos, the parish secretary; and Kelly Barnett, a land and title abstractor. Hicks offered his affidavit and the affidavits of previous owners of the Property, i.e., Dr. B.M. Cooley, Stephen Jay Brown and Nancy Trosclair, and of John French, an engineer.

On February 10, 2025, the district court filed an opinion and order. It noted that although the Police Jury might have difficulty proving that Hicks was actively engaged in commercial business on the Property, the evidence suggested that activity may have occurred previously. In order to maintain the status quo, the district court issued the preliminary injunction prohibiting Hicks's engagement in any commercial activities on the Property in accordance with its current zoning. It also granted a preliminary injunction prohibiting the use of the driveway constructed by Hicks.

On February 24, 2025, the district court filed a judgment granting the Police Jury's application for preliminary injunction. It ordered that Hicks is enjoined from conducting business or commercial activities and from storing commercial or other heavy equipment on the Property, provided that he may conduct those activities contemplated in a residential and agricultural zone. It listed equipment that could be stored on the Property. It also ordered that Hicks is enjoined from using the driveway constructed on the Property to access Edwards Street. It stated that the preliminary injunction would remain in effect pending a trial on the merits.

Hicks appeals the preliminary injunction regarding the driveway. He abandons any assignments of error related to the alleged zoning violations. On appeal, he filed a peremptory exception of prescription as to the driveway claim, which this court referred to the merits of the appeal.[3]

---

[3] An appellate court may consider a peremptory exception filed for the first time in that court if the exception is pleaded prior to a submission of the case for a decision and if proof of the ground of the exception appears of record. La. C.C.P. art. 2163(A). Although the Police Jury filed an opposition to Hicks's peremptory exception of prescription, it did not demand that the case be remanded to the trial court for a trial of the exception, as provided for in La. C.C.P. art. 2163(B).

4

# DISCUSSION

Hicks argues that the district court failed to apply the five-year prescriptive period that extinguished any enforcement action brought after 1984, when the driveway had already existed for five years without challenge. He argues that since prescription ran in 1984, the driveway became a statutorily lawful, vested nonconforming improvement.

The Police Jury argues that the five-year prescriptive period does not apply because Ordinance 94-111 is not a zoning restriction, building restriction or subdivision regulation but, rather, a condition on the use of public property. It contends that applying La. R.S. 9:5625 would undermine fundamental principles of public ownership.

La. R.S. 9:5625 states, in pertinent part:

(A)(1) All actions civil or criminal, created by statute, ordinance, or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities, or their instrumentalities or by any person, firm, or corporation to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation, imposed by any parish, municipality, or an instrumentality thereof, and based upon the violation by any person, firm, or corporation of such restriction or regulation, must be brought within five years from the first act constituting the commission of the violation.

***

(B) In all cases where the prescription provided for herein has accrued, the particular property involved in the violation of the zoning restriction, building restriction or subdivision regulation shall enjoy the same legal status as land uses, construction features of buildings or subdivisions made nonconforming by the adoption of any zoning restriction, building restriction or subdivision regulation. However, the governing authority may provide for the removal of nonconforming signs and billboards in accord with the provisions of R.S. 33:4722.

The prescriptive period set forth in La. R.S. 9:5625 is applicable to this case as Ordinance 94-111 is a building restriction. The "first act

5

constituting the commission of the violation," as contemplated by La. R.S. 9:5625(A)(1), was the original construction of the driveway in 1979 without a permit. Prescription, therefore, ran five years from this date, i.e., in 1984, and the Police Jury's 2021 petition for injunctive relief is untimely as to its claim regarding the driveway. The driveway now enjoys nonconforming status by operation of La. R.S. 9:5625(B). *See McCormick v. Ford*, 24-01007 (La. 5/9/25), 408 So. 3d 932.

Accordingly, we sustain Hicks's exception of prescription as to the driveway claim, vacate the preliminary injunction regarding the driveway and dismiss this claim with prejudice. We need not address Hicks's remaining assignments of error as to this claim. As Hicks does not appeal the preliminary injunction regarding the zoning violations, we will not address this portion of the district court's judgment but remand the matter for further proceedings as to this claim.

## CONCLUSION

For the foregoing reasons, we sustain the exception of prescription filed on appeal by Defendants-Appellants Roy Gene Hicks, III and Allstar Construction Cleanup & Hauling, LLC, vacate the preliminary injunction regarding the driveway, dismiss with prejudice the Police Jury's claim regarding the driveway and remand for further proceedings regarding the zoning claim. Costs of this appeal are assessed to Plaintiff-Appellee Bossier Parish Police Jury in the amount of $1,803.50.

**EXCEPTION OF PRESCRIPTION SUSTAINED; PRELIMINARY INJUNCTION VACATED IN PART; CLAIM DISMISSED WITH PREJUDICE; REMANDED.**

6